**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.), a Canadian corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> FRIENDSHIP FOUNDATION, INCORPORATED, a Pennsylvania corporation, <br><br> Defendant, <br><br> and <br><br> MARSHALL & ILSLEY TRUST COMPANY, NA, operating as a subsidiary of Marshall & Ilsley Corporation, a Wisconsin corporation, <br><br> Defendant - Appellee. | No. 10-16092 <br><br> D.C. No. 2:08-cv-00713-SRB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted June 13, 2011

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: SCHROEDER, RIPPLE,[**] and GRABER, Circuit Judges.

Sun Life Assurance Company of Canada (U.S.) ("Sun Life") brought this diversity action against Marshall & Ilsley Trust Company, NA ("M&I"), alleging negligent misrepresentation under Arizona law. Sun Life claims that, because of M&I's interference, Sun Life paid an annuity to the wrong claimant and suffered damages of $141,869.69. For the reasons that follow, we affirm the judgment of the district court.

Because the facts of this case are set forth fully in the district court's order, we do not recount them here. Before the district court, both parties moved for summary judgment. The district court granted summary judgment in favor of M&I, holding that Sun Life had failed to show that M&I owed it a duty of care and that it justifiably relied on M&I's actions.

We review a district court's decision on cross-motions for summary judgment de novo, construing the facts in the light most favorable to the nonmoving party. See Bader v. N. Line Layers, Inc., 503 F.3d 813, 816 (9th Cir. 2007).

---

[**] The Honorable Kenneth F. Ripple, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

2

We agree with the district court that Sun Life failed to show justifiable reliance. Sun Life received the Beneficiary Designation Form, which contained the tax identification number ("TIN") and the mailing address of the designated beneficiary--the Friendship Foundation, Inc. in Glendale, Arizona ("FFI-AZ"). More importantly, only Sun Life, not M&I, received the claim forms from the Friendship Foundation, Inc. in Pennsylvania ("FFI-PA"), which contained FFI-PA's TIN and mailing address. Sun Life therefore was situated at least as well as M&I--if not better--to ascertain the correct beneficiary of the Sun Life annuity. It was the only entity that could have compared the TIN and mailing address of the designated beneficiary, FFI-AZ, with the TIN and mailing address of the claimant, FFI-PA. Although TINs and mailing addresses can change, the discrepancy in the TINs and mailing addresses should have alerted Sun Life to a problem.[1]

Because Sun Life had access to information identifying the correct designated beneficiary and to information indicating a problem requiring further investigation, Sun Life has failed to show that it justifiably relied on M&I's actions. See St. Joseph's Hosp. & Med. Ctr. v. Reserve Life Ins. Co., 742 P.2d 808, 817 (Ariz. 1987) (in banc) ("To determine whether one party to a transaction

_____

[1] Sun Life contends that, even if it had noticed the discrepancy and had notified M&I, M&I would have insisted that FFI-PA was the proper beneficiary. This argument, however, is speculative and therefore without merit.

3

was justified to rely on the other party's representations depends on the complaining party's own information and intelligence.").

We agree with the district court that Sun Life failed to establish justifiable reliance, and, accordingly, we affirm the decision of the district court. See Kuehn v. Stanley, 91 P.3d 346, 350 (Ariz. Ct. App. 2004) ("[A] plaintiff must show 'justifiable reliance' to prevail on a claim for negligent misrepresentation."). We need not address, and explicitly do not reach, the district court's determination that M&I owed a duty to Sun Life.

**AFFIRMED.**